FREDERICK SCHLAUCH, JAMES McGUIRE, AND JOSEPH P. SHERIDAN, PLAINTIFFS-APPELLANTS, v. DEPARTMENT OF CIVIL SERVICE OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued October 11, 1965—Decided January 27, 1966.

*Mr. Eugene J. Kirk* argued the cause for appellants.

*Mrs. Marian Loftus Schauer* argued the cause for respondent.

The opinion of the court was delivered

PER CURIAM. This is an appeal by plaintiffs from the refusal of the Department of Civil Service of the State of New Jersey (Civil Service) to certify names from a promotional list which had expired during the pendency in this Court of *Marranca v. Harbo,* 41 *N. J.* 569 (1964). Although appeal was originally had to the Appellate Division, this Court certified the cause on its own motion before argument there. *R. R.* 1:10–1.

The question here involved is whether Civil Service properly refused to certify the names of plaintiffs for appointment as sergeants on April 13, 1964 from the eligible employment list originally promulgated on January 26, 1961. Plaintiffs McGuire and Sheridan have since the inception of this suit been appointed sergeants and the matter is therefore moot as to them, leaving only Frederick Schlauch for consideration.

Schlauch is fifty years of age and was appointed to the Elizabeth Police Department on June 1, 1951. He has passed at least six promotional examinations for sergeant and has never been promoted.

On March 12, 1958 Civil Service promulgated a promotional list for the rank of sergeant in the Elizabeth Police Department (hereinafter referred to as First List). This list expired on March 12, 1961.

On January 26, 1961 Civil Service promulgated a second promotional list (hereinafter referred to as Second List) for the rank of sergeant in the Elizabeth Police Department

which was to be effective for two years but which was extended by Civil Service to January 26, 1964. Schlauch was sixth on the Second List, which contained 52 eligibles.

On March 7, 1961 Joseph T. Marranca, who was number one on the First List, instituted a suit in the Superior Court to compel the appointing authority of the City of Elizabeth to promote him to sergeant.

During the pendency of the *Marranca* suit the first five eligibles on the Second List were appointed to the rank of sergeant. They were made parties to the *Marranca* suit. Schlauch became number one on the Second List; however, he was not made a party. On October 11, 1962 the Superior Court, Law Division, 76 *N. J. Super.* 429, declared the Second List to be ineffectual and set aside the promotions of the five appointees above referred to. At the same time the parties entered into an informal agreement with the judge to the effect that if no appointments were made from the Second List it would not be necessary to issue any formal injunction.

The judgment of the Superior Court, Law Division, was appealed and we certified the case. The matter was argued before us on December 2, 1963. On March 2, 1964 the Supreme Court rendered a decision reversing the judgment of the Law Division (41 *N. J.* 569).

During the summer of 1962 from and after July 23, three vacancies in the positions of sergeant occurred as a result of two promotions and one resignation. However, it was not until March 9, 1964 that the appointing authority of the City of Elizabeth requested a certification of eligibles to fill the three vacancies in the rank of sergeant.

On or about April 3, 1964 the appellants filed a petition with Civil Service requesting their certification as eligible for promotion to sergeant.

On April 13, 1964 Civil Service advised the appointing authority that it would not certify from the Second List because of the decision in the *Marranca* case and on April 29, 1964 Civil Service denied appellants petition without a hearing.

On June 16, 1964 the City of Elizabeth again advised Civil Service that three vacancies existed in the rank of sergeant and additionally requested that a promotional examination be scheduled for Police Sergeant as soon as possible. This action was necessitated by the refusal of Civil Service on April 29, 1964 to certify from the Second List. As a result of the examination held as requested, Civil Service promulgated a Third List on March 18, 1965.

By ordinance approved by Mayor Dunn on October 18, 1965 the City of Elizabeth created 15 new positions of Sergeant of Police. Various of the new positions have from time to time been filled from the Third List so that at present seven positions remain open.

At the oral argument of this case the matter was remanded to the Department of Civil Service for the purpose of determining whether the appointing authority of the City of Elizabeth would have requested a certification of eligibles to fill the three vacancies in the position of Sergeant of Police between July 23, 1962 (when the first sergeant vacancy occurred) and January 26, 1964 (when the Second List expired) and whether the appointing authority would have made appointments from the Second List if the Superior Court's opinion of October 11, 1962 declaring the Second List invalid together with the agreement not to appoint from said list in lieu of a formal injunction to that effect, had not prevented Civil Service from so certifying. A hearing was accordingly held before Commissioner Ballan who found as a fact that the appointing authority would have requested a certification of eligibles to fill the three vacancies which existed in the position of sergeant between July 23, 1962 and January 26, 1964 and that such certification would have been made from said list but for the "injunction." He also found that the appointing authority would have appointed Schlauch to fill one of said vacancies. We are satisfied with the Commissioner's findings.

We are confronted with an unusual and unique question which we believe is most unlikely to recur. In this situation

and under the confused factual complex which developed during the course of this litigation and the novel legal questions which were solved only by the *Marranca (supra)* opinion, it is only just and equitable that Schlauch be deemed eligible for appointment now. This result accomplishes what would have eventuated but for the "injunction." The order of the Third List and the number of vacancies to be filled therefrom are thus placed in the position which they would have occupied had the intent and desire of the appointing authority to appoint Schlauch between July 23, 1962 and January 26, 1964 not been frustrated by the "injunction" and the judgment of the Law Division which was reversed in *Marranca*. Accordingly, if the appointing authority desires to appoint Schlauch to fill an existing vacancy, Civil Service shall approve such appointment. Said appointment, if made, shall be effective as of the actual date thereof. If the appointing authority desires to appoint Schlauch the appointment shall be made within thirty days from the date of our mandate.

The matter is therefore remanded to Civil Service for action consistent herewith.

*For remandment*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*Opposed*—None.